UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:23-cv-630-FL

| | |
|---|---|
| SONYA SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE TOWN OF GARNER, RODNEY | ) |
| DICKERSON, in his individual | ) |
| capacity, MATT ROYLANCE, in his | ) |
| individual capacity, and B.D. | ) |
| SECHLER, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

**NATURE OF THE CASE BEFORE THE COURT**

This is an employment discrimination and retaliation / civil rights claim against the Town of Garner and several individual defendants who discriminated against Plaintiff, who was the first Black Female Parks and Recreation Director for the Town of Garner. Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 are based on her sex and race and also her first amendment rights, her due process rights, and her first amendment rights, because she complained about matters of public concern, to-wit, her employment discrimination / retaliation, and about how the Town Manager controlled communications between Town Staff and Town Council members such that Town Council members were not provided full and complete information

1

about issues on which they were expected to vote. After she complained both about how she was being treated differently and about the inappropriate failure of the Town Manager to allow Town Staff to communicate transparently and truthfully with the elected members of the Town council, Plaintiff was terminated with no prior notice and in spite of the fact that she had excellent performance reviews while working in her position. While Defendants attempt to minimize Plaintiff's attempts to stand up for herself as a "laundry list of workplace concerns," they do not dispute that she had workplace concerns. The matter before the Court is Defendants' motion to dismiss under Rule 12.

## STATEMENT OF FACTS PERTAINING TO THE MATTER BEFORE THE COURT

The facts pled by Plaintiff and acknowledged by Defendants include the following:

- Plaintiff was employed with the Town of Garner as the Parks and Recreation Director for approximately twelve years. Compl. ¶¶ 5-6.

- She was terminated from that position on October 28, 2020. Compl. ¶¶ 81-82.

- Plaintiff's examples of workplace discrimination and retaliation include the following:

    (1) an incident where Ms. Shaw's supervisor, Assistant Town Manager Matt Roylance, changed an employee's evaluation score upon that employee's appeal (Compl. ¶¶ 16-23);

    (2) a "Level 1" warning that was issued to Ms. Shaw but later

2

rescinded due to alleged disagreements over the substance of the warning (Compl. ¶¶ 24-29);

(3) a training session that was developed by Ms. Shaw in her role as a Parks and Recreation Director, but which training prompted various complaints from staff and was ultimately cancelled (Compl. ¶¶ 15, 41, 49-53, 55-57);

(4) Ms. Shaw's dissatisfaction with her supervisor Matt Roylance's decision to not take her recommendation regarding the manner of presenting a proposed project to the Town Council (Compl. ¶¶ 39-40, 42-48, 54, 74-79); and

(5) an investigation by a hired consultant regarding the Parks and Recreation Department's leadership, which was prompted by various complaints from staff about favoritism (Compl. ¶¶ 59-73).

(DE22). Defendants' concede that Plaintiff alleges that she "was treated differently and less favorably than similarly situated employees who were not Black by the individual Defendants in their individual capacities;" that "[t]he reasons given for her termination was false and pretext for discrimination and retaliation against her because of her race and sex and because she engaged in protected first amendment speech on matters of public concern;" and that her Fifth and Fourteenth amendment rights were violated because "Plaintiff's good name and reputation and her ability to work in her chosen profession was damaged by the unfounded allegations [against her] . . . and she was not offered notice and an opportunity to be heard to clear her

3

name." Compl. ¶¶ 90, 93, 107.

Plaintiff 's Complaint also alleges that a "previous white male manager had had performance issues and had been given the option to retire, which he took." DE1, ¶11 Plaintiff was terminated and not given any option to retire. DE1, ¶¶82-87. In addition, Plaintiff received "glowing reviews from her supervisors" prior to her termination. DE1, ¶12. During her time as Parks & Rec director, the "Department for the Town was recognized and awarded locally, state-wide, and nationally, and the department achieved national accreditation." DE1, ¶14. Plaintiff developed "diversity and equity training" in order "[t]o encourage a safe working environment" for "all of her employees" (DE1, ¶15) and because equity was a focus of parks and rec programs nationally. DE1, ¶41. After one of her employees complained about the employee's evaluation, and Plaintiff reviewed it but found it valid, the Town utilized a process to review the complaint that did not follow Town policy. DE1, ¶¶19-21. After Plaintiff complained about the process being used, she was issued a written warning about emails sent two years prior about which there was no documentation. DE1, ¶24-24, 29. She appealed her written warning, and her appeal was first denied, then eventually rescinded. DE1, ¶¶28-30.

After this, Plaintiff was treated differently than other male and white employees. DE1, ¶30. Plaintiff made inquiries about her overdue performance evaluations and when one of them was provided it was harsh and contained matters which had been removed when she appealed her warning for lack of documentation. DE1, ¶¶34-36. Plaintiff filed a charge of discrimination in March 2020, DE1, ¶37,

4

and continue to work on equity training sessions in accordance with her previous plans articulated to her supervisors and of which they tacitly approved, DE1, ¶41, 49-53. During this same time (March 2020 – July 2020), Plaintiff became aware that Council members were angry that master plans for a town park had been delivered late. DE1, ¶¶42-48. At a meeting with her supervisors, she was interrogated and it was implied that she had instigated the Council members' complaint, which she denied. DE1, ¶¶42-45.

Plaintiff discussed her concerns with her supervisors about her working relationship with the Town Council members and with the cancellation of the equity training. DE1, ¶¶ 54-59 In August 2020, Defendants accused Plaintiff of having poor leadership of her department and told her that they had hired an external consultant to investigate. DE1, ¶¶ 60-62. After the investigation, and after another conflict over how much information had been shared with the Town Council about the proposed changes to the parks project and its cost, DE1, ¶¶63-81, Plaintiff was dismissed without notice or prior disciplinary action, DE1, ¶81-82. In being so dismissed, Plaintiff was treated differently from other women and other white employees. DE1, ¶¶83-87.

## ARGUMENT

On Defendants' motion to dismiss the claims against the Defendants in this matter, all facts in Plaintiff's Complaint are assumed to be true and all inferences from those facts must be drawn in Plaintiff's favor. *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 328 (4th Cir. 2014). As the Supreme Court has advised, "[f]ederal

pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. RULE CIV. PROC. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (citing Advisory Committee Report of October 1955, reprinted in 12A C. Wright, A. Miller, M. Kane, R. Marcus, & A. Steinman, FEDERAL PRACTICE AND PROCEDURE 644 (2014) (Federal Rules of Civil Procedure "are designed to discourage battles over mere form of statement") and 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1215, p. 172 (3d ed. 2004) (Rule 8(a)(2) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities").

"The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief." *Id.* at 12. Moreover, a court "should freely give leave [to amend a pleading] when justice so requires." *Id.* (quoting Fed. Rule Civ. Proc. 15(a)(2)). If plaintiff's allegations included sufficient plausible facts to support a claim that her first, fifth and fourteenth amendment rights have been violated, then the motion to dismiss should be denied.[1]

Plaintiff's factual allegations that she was treated differently from other White employees and other male employees as well as other employees who did not raise issues about whether the Town Council should be provided with accurate and complete information about matters upon which they were voting and employees who

---

[1] Should the Court find that Plaintiff's factual allegations are insufficient to support any of her claims, Plaintiff should be afforded an opportunity to amend her Complaint to allege additional facts.

did not protect discrimination is sufficient to state claims for violations of her first, fifth, and fourteenth amendment rights. The fact that other similarly situated employees who were not Black and not female and who did not raise issues of public concern were treated more favorably than Plaintiff (*see, e.g.*, DE1, ¶¶89-103, 105-113. raises an inference of intentional discrimination and retaliation sufficient to survive a Rule 12 motion to dismiss on a termination of employment case.

Plaintiff is not required to allege facts to support a prima facie case for each claim she makes. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 587 (4th Cir. 2015) (noting that several circuits including the First Circuit in *Rodriguez–Reyes v. Molina–Rodriguez*, 711 F.3d 49, 54 (1st Cir.2013), have concluded "that the *Swierkiewicz* Court's treatment of the prima facie case in the pleading context remains" good law). The *Swierkiewicz* Court was clear: "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss." *Id.* at 585. A Rule 12 motion is evaluated with regard to the **facts alleged**, not the **evidence produced,** because a *prima facie* case is an "evidentiary standard, not a pleading requirement." *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 510 (2002)). *Accord Woods*, 855 F.3d at 647.

So long as Plaintiff's Complaint "gives respondent fair notice of the basis for petitioner's claims," *Swierkiewicz*, 534 U.S. at 514, it "easily satisfies the requirements of Rule 8(a)," *id. Accord Johnson,* 574 U.S. at 12 ("Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages

7

from the city.") Here, Plaintiff's Complaint "simply, concisely, and directly" alleges facts related to event that entitle her to "damages from the city." *Johnson,* 574 U.S. at 12. Nothing more is required to defeat a motion to dismiss.

Defendants argue that Plaintiff's "complaint fails to plausibly allege the required elements of intent and but-for causation" (DE22, p7) Elements are not required to be pled; facts are. Plaintiff alleged specifically that not only was she terminated when her performance was exemplary, but that other employees with performance issues had been allowed to resign in lieu of being terminated. In this case, as detailed above, Plaintiff has made sufficient factual allegations to survive a motion to dismiss. "To survive a motion to dismiss, Plaintiff need only set forth allegations that raise a 'reasonable expectation' that discovery will reveal evidence of necessary elements of the prima facie case." *Gray v. Am. Homepatient, Inc.*, No. CA 2:14-1207-DCN, 2014 WL 7965987, at *6 (D.S.C. Oct. 24, 2014), report and recommendation adopted, No. 2:14-CV-01207-DCN, 2015 WL 892780 (D.S.C. Mar. 3, 2015)

The case upon which Defendants rely, the Fourth Circuit's opinion in *McCleary-Evans*, dealt with a failure to promote, not a termination, which has different elements and proof standards. In order to make out a *prima facie* case (which is not required on a motion to dismiss) of discrimination and retaliation in a termination case, a plaintiff must allege and prove:

> facts demonstrating: (1) the plaintiffs membership in a protected class, (2) the plaintiff's satisfactory job performance, (3) that the plaintiff was subjected to an adverse employment action, *601 and (4) that similarly situated employees outside the protected class received more favorable

8

treatment.

*Chang Lim v. Azar*, 310 F. Supp. 3d 588, 600–01 (D. Md. 2018) (citing *White v. BFI Waste Svcs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)). Here, Plaintiff, a black female who spoke out about matters of public concern alleges that her performance was acceptable, indeed exemplary, and yet she was terminated and treated differently not only because of her race and sex but because she opposed the withholding of evidence from the Town Council as well as the discrimination to which she had been subjected, matters of public concern. Moreover, she was terminated in such a manner as to deprive her of her liberty interest, as opposed to being allowed to resign like a White Male employee. These are facts which are sufficient to state claims for which this Court may grant relief.

Defendants cite the Supreme Court's opinion in *Comcast v. Nat'l Ass'n of Af. Am. Owned Media,* 589 U.S. _, 140 S. Ct. 1009, 1019 (2020) for the proposition that Plaintiff's Complaint should be dismissed. In fact, in that case, the Supreme Court explicitly remanded the case to the Ninth Circuit to determine if the Plaintiff's pleadings were sufficient under the correct legal rule. *Id.* The *Comcast* opinion stands only for the proposition that to ultimately prevail in a § 1981 claim, "a plaintiff bears the burden of showing that race was a but-for cause of its injury." *Id.* at 1014. The Court explicitly acknowledged that the standard on evaluating a pleading on a motion to dismiss was less than when evaluating the proffered evidence on a motion for summary judgment: "while the materials the plaintiff can rely on to show causation may change as a lawsuit progresses from filing to judgment, the burden

itself remains constant." *Id.* at 1014-15.

Defendants also argue that inferences may be drawn against Plaintiff from facts alleged in her complaint which Defendants contend allow the Court to find that she engaged in "inappropriate leadership" and that her "termination was based on non-discriminatory grounds." "In ruling on a 12(b)(6) motion, a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir.2011)).

Most importantly, "a complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged." *Field v. Kroger,* No. 3:20CV682, 2021 WL 1396279, at *2 (E.D. Va. Apr. 13, 2021) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Accord Johnson*, 574 U.S. at 12 (when a plaintiff states "simply, concisely, and directly events that, they alleged, entitled them to damages from the city," the plaintiff has "informed the city of the factual basis for their complaint," and is "required to do no more to stave off dismissal for want of an adequate statement" of her claim.") Plaintiff pled facts showing that Defendants treated her differently from other similarly situated employees because of her race, sex, and the fact that spoke out about matters of public concern.

Even if Plaintiff's complaint sets out alternative theories of liability such as either Defendants terminated her because of her race (and sex) or because she spoke

out about matters of public concern, Rule 8 allows a party to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). "As a result, a plaintiff 'need not elect and plead a single theory on which to seek recovery.'" *Colonna's Shipyard, Inc. v. Coastal Cement Corp.*, No. 2:22CV395, 2023 WL 3321734, at \*3 (E.D. Va. May 9, 2023) (quoting *Virginia Elec. & Power Co. v. Broe Growth Capital LLC*, No. 3:07cv224, 2007 WL 2071726, at \*2 (E.D. Va. July 17, 2007)). Plaintiff's complaint recites the grounds given her for termination (DE1,¶82) but she also pleads the pretextual nature of the reasons given for her termination (DE1,¶83-87). The only inference that can be drawn from these facts is that those reasons were not legitimate because Plaintiff also pleads that her job performance was exemplary. Thus, no inferences may be drawn against her such as she engaged in "inappropriate personal conduct," "discourteous treatment of the public or other employees," or that she was "inefficient" or "incompetent" in her job performance.

Defendants erroneously argue that "at this stage, it makes no difference whether she disputed the evidence underlying those staff complaints." In fact, "a motion to dismiss does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). If in fact, Plaintiff's complaint warranted dismissal because she recited the pretextual grounds for her termination, then no employment discrimination complaint would ever survive a motion to dismiss. Defendants argue that "[w]hat matters is the existence of evidence of leadership

issues, the fact that an investigation was conducted on these issues, and the fact that the Town cited her inappropriate personal conduct as a reason to terminate her." These issues might matter on summary judgment, but they surely are irrelevant now because Defendants have only argued them in their motion to dismiss but not pled them as defenses in an answer. Moreover, the facts in Plaintiff's complaint require an inference that she had no leadership issues, and that the reasons cited by the Town were pretextual for discrimination and retaliation. Again, the *Comcast* court returned the sufficiency of the plaintiff's pleading to the lower court, limiting its opinion to the ultimate issue of whether the elements of a § 1981 claim required proof of "but for" causation. *Comcast*, 140 S. Ct. at 1019 ("We do not, however, pass on whether ESN's operative amended complaint 'contain[s] sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" under the but-for causation standard) (quoting *Iqbal*, 556 U.S. at 678–679).

Here, Plaintiff has alleged that she spoke out about multiple matters of public concern: her own experiences of discrimination (DE1, ¶¶32-37), the need for equity training for her employees (DE1, ¶41,49-58), as well as the Defendants' attempts to keep her from providing the Town Council information it needed to consider about the proposed project they were considering (DE1, ¶42-48,54, 57-58). As a result, Defendants instigated an external investigation into Plaintiff's performance and behavior, (DE1 ¶¶59-73), the eventual result of which was that Defendants terminated Plaintiff, DE1,¶¶81-82. These facts are more than sufficient to state a claim that her termination was in retaliation for her exercising her first amendment

rights.

"Speech involves a matter of public concern when it involves an issue of social, political, or other interest to a community." *Campbell v. Galloway*, 483 F.3d 258, 267 (4th Cir. 2007) (quoting *Kirby v. City of Elizabeth City,* 388 F.3d 440, 446 (4th Cir.2004)). In *Campbell*, the Court found that the plaintiff's own complaints about her own discrimination did constitute matters of public concern, and noted that even when a plaintiff's speech commingled expressions about both public and private concerns, the speech about public concerns could not be ignored because to do so would "improperly limit the range of speech that is protected by the First Amendment." *Id.* at 269.

Likewise, here, Plaintiff's concerns about her own discrimination may have informed her belief that Town employees needed equity training, but that concern does not make her advocacy for training purely a matter of personal and private concern. Likewise, her concern that she was being required to keep important information from the Town Council about her department's projects was a matter of public concern.

Plaintiff alleges that she was deprived of her liberty interest without due process. "Due process must also be provided before one is deprived of a liberty interest." *Doe v. Alger*, 175 F. Supp. 3d 646, 658 (W.D. Va. 2016). Defendants urge this Court to dismiss Plaintiff's liberty interest claim for failure to make sufficient factual allegations to support that Defendants were 1) a public employer 2) who made "stigmatizing statements" 3) in conjunction with her termination and that 4) the

charges against her, that is, the reasons for her termination, were false. *Byerly v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18-CV-16, 2019 WL 1370873, at *6 (W.D. Va. Mar. 25, 2019)(quoting *Doe v. Rector & Visitors of George Mason Univ.,* 132 F.Supp.3d 712, 720–21 (E.D. Va. 2015)).

In fact, Plaintiff has alleged facts showing that the Town was a public employer, (DE1, ¶¶1-2, 6-9), that the named Defendants made statements impugning her performance and behavior in connection with her termination (DE1, ¶82) and that those statements were false, (DE1, ¶¶65, 65, 68, 69, 71-73). There is no "stigma plus" applicable to public employment termination situations, because the damage to Plaintiff's reputation comes from the disclosure of the false reasons for Plaintiff's employment contained in her dismissal letter. See N.C. Gen. Stat. § 160A-168(b) 11) (making it a matter of public record the "[d]ate and type of each dismissal, suspension, or demotion for disciplinary reasons taken by the municipality" and "[i]f the disciplinary action was a dismissal, a copy of the written notice of the final decision of the municipality setting forth the specific acts or omissions that are the basis of the dismissal.") "For '(w)here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.'" *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972) (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437(1971)).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint should be denied because Plaintiff alleged sufficient facts making it more than

plausible that Defendants engaged in intentional discrimination under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 based on her sex and race and that she was deprived of due process prior to being deprived of a liberty interest under the Fifth Amendment and retaliated against under the First Amendment for expressing her opinions on matters of public concern.

Respectfully submitted, this 8th day of February 2024.

/S/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM
209 Lloyd St., Ste 350
Carrboro, NC 27510
T: 919-810-3139
F: 919-823-6383
valerie@newsouthlawfirm.com
NC State Bar No. 13417
**Attorney for Plaintiff**

/S/ JUNE K. ALLISON
June K. Allison
NEW SOUTH LAW FIRM
233 S. Laurel Avenue
Charlotte, NC 28207
Tel: 704-277-0113
Fax: 919-823-6383
june@newsouthlawfirm.com
NC State Bar No. 9673
**Attorneys for Plaintiff**

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who have made an appearance in this matter.

This 8th day of February 2024.

S/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM